UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AWANO FOOD GROUP PTE LTD, et al., | ) | 3:20-CV-01383 (KAD) |
|    *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAIRTRADE INTERNATIONAL, INC., et al., | ) | |
| | ) | |
|    *Defendants*. | ) | March 22, 2021 |

**ORDER GRANTING MOTION TO AMEND THE COMPLAINT (ECF NO. 27)**

Kari A. Dooley, United States District Judge

      Pending before the Court is Plaintiffs' Motion to Amend the Complaint through which they seek to remove the previously named defendant Rodrigo Echeverrigaray ("Rodrigo"). Rodrigo and Plaintiffs are all aliens for purposes of diversity jurisdiction and therefore this Court is without subject matter jurisdiction if he is a named defendant. Indeed, Defendant FairTrade International, Inc., ("FairTrade") has moved to dismiss the Complaint for this reason. FairTrade opposes the motion to amend on the grounds that Rodrigo is a required party under FED. R. CIV. P. 19(a)(1) that cannot be feasibly joined and therefore the action should be dismissed pursuant to FED. R. CIV. P. 19(b). For the reasons that follow, the motion to amend is granted.[1]

**Standard of Review**

      Under Rule 15(a)(2), "a party may amend its pleading only with . . . the court's leave [and] [t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "It is within the sound discretion of the district court to grant or deny leave to amend." *WC Capital Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013) (internal quotation marks and citation omitted).

---

[1] This may be an unusual procedural mechanism for raising Rule 19 questions. However, the Second Circuit has observed that there are a variety of ways by which these issues may be raised, and indeed, can even be raised at any time *sua sponte* by the court. *MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc*., 471 F.3d 377, 382–83 (2006) (collecting cases).

The Court may deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent such "apparent or declared reason . . . the leave sought should, as the rules require, be freely given." *Id*. (internal quotation marks omitted).

**Discussion**

FairTrade does not argue that leave to amend should be denied under these principles. Rather, FairTrade asserts that Rodrigo is a required party under Rule 19(a)(1) and because he cannot feasibly be joined, this action must be dismissed under Rule 19(b). Rule 19(a) governs compulsory joinder and dictates those circumstances in which a party must be joined if feasible. Rule 19(a)(1) provides that a person or entity is a necessary or required party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).

Rule 19(b) addresses the circumstance where a required party cannot be feasibly joined and provides: "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). The Rule further provides a number of

2

factors for the Court to consider when deciding whether dismissal is warranted. FED. R. CIV. P. 19(b)(1)-(4).

The primary goal of Rule 19 is the efficient adjudication of disputes, *see*, *e.g.*, *Temple v. Synthes Corp.*, 498 U.S. 5, 6 (1990), and so it "defines absentees who are needed for a just adjudication in very practical terms," 4 JAMES W. MOORE et al., MOORE'S FEDERAL PRACTICE, § 19.02[2][c] (3d ed. 2019). "An absentee will be deemed necessary, or 'required,' if failure to join it creates any of three potential risks: (1) inability of the court to accord complete relief among the parties; (2) risk of harm to the absentee's ability to protect its interest; or (3) risk of harm to the defendant by subjecting it to double liability or inconsistent obligations." *Id*.

The Court need not reach the analysis required under Rule 19(b) unless it has first determined that the absentee is a required party under the provisions of Rule 19(a). *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 445–46 (2d Cir. 1995) (individuals who are not parties to arbitration agreement cannot be indispensable parties under Rule 19(b) if they do not meet either of the threshold tests of Rule 19(a)(1)); *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990) ("Unless Rule 19(a)'s threshold standard is met, the court need not consider whether dismissal under Rule 19(b) is warranted.").

As to the former inquiry, "[i]t is not enough under [Rule 19(a)(1)(B)] for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather, necessary parties under [Rule 19(a)(1)(B)] are only those parties whose ability to protect their interests would be impaired **because of** that party's absence from the litigation. *See* [FED. R. CIV. P. 19(a)(1)(B)] (defining necessary party as one with an 'interest relating to the subject of the action and is so situated that [disposing] of the action *in the person's absence* may . . . as a practical matter impair or impede

the person's ability to protect [the] interest.')." *Mastercard Int'l Inc.*, 471 F.3d at 387 (emphasis in original). Rule 19(a)(1)(B)(i) requires that "there must be more than an unsupported assertion that [the required party] has a claim to [the] interest" implicated by the litigation. *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 140 (2d Cir. 2002).

FairTrade offers little by way of analysis and it cites to no authority to support its conclusory assertion that Rodrigo is a required party. FairTrade's argument in this regard is as follows: "Underpinning the claims in this action is a dispute between 50-50 shareholders of FairTrade, namely Awano and Rodrigo. What each consented to and what their original agreement contemplated will determine the outcome of this action and who will bear the losses. As a 50% shareholder, Rodrigo has an interest relating to the subject matter of the action and disposing of the action in his absence puts him at risk for incurring double or inconsistent obligations." (ECF No. 30 at 6). It is clear that Rodrigo is a witness to the events at issue and as a 50% owner of FairTrade, the remaining named defendant, he has a financial interest in the outcome of the litigation. But FairTrade does not explain how such a financial interest or Rodrigo's role as a witness in the litigation renders him a required party under Rule 19(a).

Further, per the proposed Amended Complaint, this is a contract dispute between Plaintiffs and FairTrade. FairTrade offers no explanation as to why this Court cannot afford "complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). And simply because FairTrade acts through Rodrigo does not render Rodrigo a required party. *See Granda v Trujillo*, 2019 WL 367983, *12 (S.D.N.Y. 2019) (non-party was not "required" simply because his testimony was important to the adjudication of the case, especially where there was no showing the testimony could not be obtained if he was not made a party).[2]

---

[2] FairTrade includes many of the allegations in the Complaint against Rodrigo, to include Plaintiffs' previous claim that the FairTrade corporate veil should be pierced so that Rodrigo would be personally liable for conduct he undertook

4

And to the extent FairTrade asserts that Rodrigo might be subject to inconsistent or multiple obligations, FairTrade does not explain this assertion but, in any event, Rule 19(a) evinces such a concern with respect to the existing parties, i.e., FairTrade, not the absentee. *See* FED. R. CIV. P. 19(a)(1)(B)(ii).

In sum, the Court sees no reason to believe that in Rodrigo's absence, the Court "cannot accord complete relief among [the] existing parties" or that proceeding without Rodrigo as a party, will "as a practical matter impair or impede [Rodrigo's] ability to protect" any interest he may have in the outcome of this litigation. FED. R. CIV. P. 19(a)(1).

Insofar as Rodrigo is not a required party under Rule 19(a), and FairTrade offers no other basis upon which the motion to amend should be denied, the motion for leave to amend is granted. Plaintiffs shall file the Amended Complaint on or before March 29, 2021. The Motion to Dismiss (ECF No. 20) is denied as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of March 2021.

                                         */s/ Kari A. Dooley*
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE

---

on behalf of FairTrade. Plaintiffs have elected not to pursue these claims so they do not influence the Rule 19(a) analysis.